| | | |
|---|---|---|
| JODY LEE MILES | * | IN THE CIRCUIT COURT FOR |
| v. | * | QUEEN ANNE'S COUNTY, MARYLAND |
| STATE OF MARYLAND | * | CRIMINAL NO. 4789 |
| | * | Post Conviction |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER ON
## POST CONVICTION RELIEF

The Petitioner, Jody Lee Miles, comes before the Court on his first Petition for Post Conviction Relief, filed pursuant to Maryland Code Article 27, section 645A, and the Maryland Rules of Procedure 4 - 401 through 4 - 408. The Petitioner requests a new trial, a new sentencing hearing, a life sentence with or without parole in place of his current death sentence, a new appeal, that his criminal convictions and that his death sentence be vacated, and any other relief the justice demands. A hearing on this petition was held on June 22-23, 2006.

The Petitioner sets forth several allegations of error, all of which involve violations of his Sixth Amendment right to effective assistance of counsel. The Court heard arguments regarding the issues raised by Petitioner, reviewed the Court of Appeals opinion and reviewed transcripts from Petitioner's trial. For the reasons set forth herein, the Court finds the following.

### PROCEDURAL HISTORY

On April 2, 1997, the Petitioner Jody Lee Miles shot and killed Mr. Edward Atkinson during a robbery in Mardela Springs, MD. Petitioner was interviewed, after he was advised of his Miranda rights, on April 22, 1997, at which time he confessed to being Mr. Atkinson's killer. Petitioner was indicted and charged on May 9, 1997 of felonious homicide, robbery, robbery with a deadly weapon, first-degree assault, and use of a handgun in a crime of violence. The case was removed from the Circuit Court for Wicomico County to the Circuit Court for Queen

Anne's County on October 2, 1997 after the State filed a Notice of Intention to Seek the Death Penalty on July 29, 1997. The trial court heard pre-trial suppression motions pursuant to Rule 4-452 on January 28, 1998 and February 23-24, 1998.

On March 9, 1998, a jury was selected, and the State began to present evidence. The State rested on March 11, 1998, and the defense presented its case on March 11, 1998.

On March 12, 1998 the trial jury acquitted the petitioner of first-degree premeditated murder and convicted him of:

1. Felony homicide
2. Robbery with a deadly weapon
3. Robbery, and
4. Use of a handgun in the commission of a crime of violence.

A capital sentencing hearing was conducted on March 17-18, 1998, and shortly after midnight on March 19, 1998 the Petitioner was sentenced to death. Petitioner filed a Motion for a New Sentencing on March 26, 1998, and a hearing was held for this motion on May 7, 1998. The Motion was denied on July 7, 2000. The Petitioner's case was sent on automatic appeal to the Maryland Court of Appeals pursuant to Maryland Code, Art. 27, § 414 (1957, 1996 Repl. Vol., 1999 Supp.) and Maryland Rule 8-306(c). On September 18, 2001 the sentence of death was affirmed by the Court of Appeals (Three Judges dissenting).

The Petitioner filed a Petition for a Writ of Certiorari in the United States Supreme Court, but was denied on February 25, 2002. The current Petition for Post Conviction Relief was filed in the Circuit Court for Queen Anne's County on September 19, 2002.

2

## FINDINGS OF FACT

On April 2, 1997, Edward Joseph Atkinson was shopping at a mall in Salisbury, Maryland and received a page while arranging to pick up tuxedos at Small's Formal Wear for a musical theater production that he was directing. Upon receiving the page Atkinson immediately left the mall. Later in the day, at approximately 5:30 p.m., Harry Hughes, Jr., a resident on Old Bradley Road in Mardela Springs, Maryland, saw Atkinson driving a black Toyota Camry down Old Bradley Road. At some point during the next 15 minutes, Hughes heard a single gun shot.

That same day, after Atkinson failed to show up for dinner at his home with his parents and for his evening play rehearsal, his mother, Dorothy Atkinson, notified the Maryland State Police that he was missing. The following day, April 3, 1997, at approximately 9:00 p.m., Maryland State Police officers found Atkinson's vehicle near Old Bradley Road and a cowboy boot print in the area.

On April 4, 1997 the victim's brother, Robert Wayne Atkinson, and his friend, Sean Thomas Mooney, joined the search and returned to Old Bradley Road to look for any additional information concerning Edward Atkinson's whereabouts. Following the footprints at the scene, Robert Atkinson discovered his brother's body in a nearby wooded area. Shortly thereafter, the police arrived and determined that Edward Atkinson had been shot once in the back of the head and dragged to the location where he was eventually found. The police also found several cowboy boot prints near the body matching the one found the night before by the victim's car. Scuffmarks indicating that a struggle had taken place were also found at the side of the road. A search of the body revealed that the victim's pockets had been emptied, but a search of the surrounding area failed to produce the victim's wallet and keys. Later that same day, Robert

Atkinson and Sean Mooney said that they saw a gray colored car driven by the Petitioner heading towards the crime scene on Old Bradley Road.

Robert Atkinson called his brother's credit card companies to report the theft, but learned that the cards had been used subsequent to his brother's disappearance. The cards were used on April 3, 1997, at a Wal-Mart ATM in Cambridge, Maryland, at a Tru Blu gas station in Harrington, Delaware, at the Structure and J.C. Penny stores in the Dover Mall, and at the Shuckers Pier 13 Restaurant in Dover, Delaware. Personnel at these locations gave the description of the card holder as a white male, approximately 6'1" - 6'3", medium length dirty blonde to brown hair, and wearing white jeans or pants with a white shirt and cowboy boots. (Two Tru Blu gas station attendants subsequently identified the Petitioner as the Atkinson card user.) Composite sketches of the descriptions were circulated on local news stations, and during the next two weeks news reports specifically mentioned the sighting of the murder suspect at Tru Blu gas station.

On April 15, 1997, James Towers was at home monitoring police and fire department radio transmissions with his scanner. (Towers scanner was capable of picking up cellular phones in addition to regular radio signals.) Towers overheard a cell phone conversation in which a male and female discussed the importance of staying away from the Tru Blu gas station in Harrington, Delaware. Towers, who is a resident of Caroline County, had seen the news reports on television and believed that the conversation on his scanner might be related. Towers tape-recorded the conversation and notified the Maryland State Police. Soon after, police arrived to take possession of the tape.

The taped phone conversation had a discussion of concealing evidence, in addition to descriptions of the geographic area surrounding the couple's home. Deputy Ronald Russum of

4

the Caroline County Sheriff's Department listened to the tape and identified the female voice as Jona Miles, the Petitioner's wife. Based on his previous contacts with both individuals, Detective James Fraley of the Delaware State Police identified the voices as Jody and Jona Miles.

By April 22, 1997, Maryland and Delaware State police had located Jona Mile's residence. Police applied for search warrants for 292 Cole Britt Lane, Harrington, Delaware and 27880 Whiteleysburg Road, Greensboro, Maryland, both properties owned by Jona Miles and her parents. The warrants were executed the same day, April 22, 1997. The search led to the seizure of several items of clothing belonging to the Petitioner, his W-2 tax statement as well as other papers, a razor, telephone bills, phone numbers from a caller identification box, and other pieces of note paper.

That same day police placed Jona Miles under arrest and questioned her at the Caroline County Sheriff's Department as to the whereabouts of her husband. She gave a statement to the police, assisted in finding her husband, and signed a consent to search form authorizing Corporal Fisher of the Maryland State Police Force to search her trailer located on her parents' property at 27880 Whiteleysburg Road. The police seized one pair of black men's jeans and one pair of tan Structure dress pants.

Jona Miles admitted that during the week following April 2, 1997 she threw two Structure shirts in a dumpster near Route 404 in Centerville, Maryland, and several days later she had traveled with her husband as he disposed of his cowboy boots in a dumpster behind a shopping center in Milford, Delaware. Jona Miles also dumped a handgun, holster, and ammunition left by the Petitioner in the Choptank River near Denton, Maryland. State Police were able to recover the gun, holster, and ammunition with the help of Mrs. Miles, but were unsuccessful in recovering any of the clothing. Following the information provided by Mrs.

Miles, police took the Petitioner into custody as he was driving a gray Chevrolet Cavalier on Carmichael Road near a farm where he had been working. Police seized the contents of the car, including a cellular phone.

On the evening of April 22, 1997, after he was advised of his Miranda rights, Corporal William V. Benton and Trooper John Psota questioned the Petitioner. After only several minutes, Petitioner admitted that on April 2, 1997 he had met Edward Atkinson at a rest area near Old Bradley Road. Petitioner claimed to be sent by a loan shark to collect a package from Atkinson, which the victim did not produce. Petitioner stated that he became scared when he saw Atkinson, who had his back to the Petitioner the entire time, reach inside his jacket. Petitioner, concerned that Atkinson had a gun, fired one shot striking the victim in the back of the head. After the incident, Petitioner found and removed Atkinson's wallet and two briefcases from the car. Petitioner returned to the scene on April 4, 1997 with the intention of burying Atkinson's body, but fled when he saw all of the police in the area.

On May 9, 1997, Petitioner was indicted and charged with felonious homicide, robbery, robbery with a deadly weapon, first-degree assault, and use of a handgun in a crime of violence in Wicomico County. The State filed a notice of their intention to seek a death sentence pursuant to Maryland Code, Art. 27 § 412 (b) on July 29, 1997. The case was then transferred for trial to the Circuit Court of Queen Anne's County on October 2, 1997. Pre-trail suppression motions were heard by the trial court pursuant to Rule 4-452 on January 28,1998 and February 23-24, 1998, wherein Petitioner sought to suppress the contents of the taped cellular phone conversation with his wife, the items seized pursuant to Jona Miles's consent to search, the gun and its accessories, appellant's confession, and his cellular phone seized pursuant to the post-arrest inventory of his vehicle.

The trial court ruled to suppress the taped cellular phone conversation as well as evidence seized pursuant to a search warrant where the affidavit of probable cause made explicit reference to the facts contained in the cellular phone conversation as a violation of the Maryland Wiretapping Statute, Maryland Code, Section 10 - 401 et seq. of the Courts and Judicial Article (1977, 1998, Repl. Vol., 2000 Supp.). However, the trial court decided not to suppress the remaining evidence, holding that the language "evidence derived therefrom" as contained in the statutory exclusionary provision of the Maryland Wiretapping Act did not include evidence provided by Jona or Jody Miles.

On March 12, 1998, the jury entered a guilty verdict for first-degree felony murder, robbery, robbery with a deadly weapon, and use of a handgun in the commission of a crime of violence, but the jury acquitted the Petitioner of first-degree premeditated murder. Sentencing hearings took place March 17-18, 1998, and shortly after midnight on March 19, 1998, the jury sentenced the appellant to death. The trail court merged the robbery conviction into the armed robbery count and imposed a five-year concurrent sentence for the handgun count.

## MEMORANDUM, OPINION, and ORDER

In drafting this opinion, the Court gave great deference to the experience of Petitioner's counsel, Mr. Thomas Saunders. Mr. Saunders joined the Maryland Bar in 1978. He served for a year and a half in the Appellate Division of the Office of the Public Defender. He then served for two and a half years in the Felony Trial Unit of the Office of the Public Defender. Following his time with the Felony Trial Unit, Mr. Saunders joined the Death Penalty Unit and then served as a District Public Defender. Between 1991 and 1998, Mr. Saunders worked in the capital defense division and also co-wrote the death penalty manual for the unit. Following his work

with the capital defense division, Mr. Saunders entered private practice. In reaching its findings, the Court finds Mr. Saunders to be a very credible witness.

Md. Ann. Code Art. 27, Sec.645A and Md. Rules 4-401 – 4-408 grant a petitioner the right to institute a proceeding in the Circuit Court to set aside or correct a sentence, provided that the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction. Petitioner now alleges various points of error and ineffective assistance of counsel, which are fully examined and considered below.

## PETITION FOR POST CONVICTION

**Count I – Ineffective assistance of counsel.** In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the United States Supreme Court established a two-prong test which must be satisfied for a court to grant post-conviction relief. The first prong, the "deficiency" component, requires the Petitioner to show that counsel's representation fell below an objective standard of reasonableness. Under this prong, the Petitioner must demonstrate the following:

> 1) Identify the specific acts or omissions of counsel that are alleged *not* to have been the result of reasonable professional judgment;
>
> 2) Show that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment (*i.e.* that, considering all the circumstances, the representation fell below an objective standard of reasonableness); and
>
> 3) Overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 690.

8

The second prong, the "prejudice" component, requires the Petitioner to prove that the particular and unreasonable errors of counsel actually had an adverse effect on the defense. *Williams v. State*, 326 Md. 367, 374-76, 605 A.2d 103, 107 (1992). In an interpretation of the phrase, "actually had an adverse effect on the defense" the Court explained, "the newly discovered evidence may well have produced a different result, that is, there was a substantial or significant possibility that the verdict of the trier of fact would have been affected." *Williams*, 326 Md. at 375. Applying the standards set forth in *Strickland v. Washington* and its progeny, the Court makes the following findings.

**Count I.27.A. - Waiver of further voir dire of prospective jurors.** Due to an oversight, the trial court neglected to ask eleven prospective jurors whether they would tend to give more or less credibility to the testimony of a police officer based upon that person's status as a police officer. When the court indicated that it would correct this mistake, counsel waived further inquiry. *Petitioner's Petition for Post Conviction Relief*, p. 8, Count I ¶ 27(A). Relying upon *Langley v. State*, 281 Md. 337 (1977), Petitioner posits that failure to ask this question amounts to deficient representation. *Petitioner's Post-Hearing Memorandum*, Count I, ¶27(A)

We reviewed *Langley* and find it inapplicable to the present case. In *Langley*, a principle part of the State's evidence included testimony by a police officer diametrically opposed to that of the defendant. In this case, the credibility of a police officer was not at issue. At the post-conviction hearing, Mr. Saunders' ("counsel") explained, "Jody Miles made a full confession." Counsel further explained that he made a conscious decision not to pursue the omitted voir dire question. Counsel stated that he was more concerned with juror's views on sentencing someone to death than how testimony given by police officers would be weighed. In response to questions regarding jury selection, counsel testified that he "made a conscious decision"

9

regarding each of the four jurors chosen to serve. Counsel stressed the fact that "one of the four wanted life." Petitioner fails to meet his burden of proof on this issue. Applied to *Strickland*, while it is arguable that counsel's conduct meets the first prong of *Strickland*; it fails to satisfy the second prong because there is no evidence that deficiencies in counsel's performance prejudiced the defendant.

**Count I.27.B. -- Failure to use all allotted peremptory challenges.** In *Petitioner's Post-Hearing Memorandum*, Petitioner withdrew this issue. *Petitioner's Post-Hearing Memorandum*, p. 3, Count I, ¶27(B). The Court finds Petitioner's withdrawal of this issue obviates the need to perform an analysis under *Strickland*.

**Count I.27.C. -Cross-examination of critical State's witnesses.** Petitioner argues trial counsel should have more aggressively cross-examined Jona Miles regarding her waiver of the husband/wife privilege and the State's delay in pursuing her criminal case. Petitioner concedes that while the above facts may not have aided Petitioner on the issue of guilt, such facts may have been helpful at sentencing. *Petitioner's Post Hearing Memorandum*, Count I, ¶27(C).

The Court is not persuaded by Petitioner's argument. *Strickland* established that courts "must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland* at 689. In this case, counsel explained that his strategy for the case included the defendant showing remorse. Counsel then testified that he questioned Jona Miles regarding a deal and she responded that she did not have any such agreement with the State. Counsel explained that because he did not have any evidence to the contrary, he felt further examination could appear to the jury to be shifting blame, contrary to his trial strategy. The Court finds counsel's actions constitute a valid trial tactic; therefore, Petitioner fails to

satisfy the deficiency prong of *Strickland*.  As a result, the Court need not address the prejudice prong.

**Count I.27.D. Presentation of defendant.**  Petitioner alleges that trial counsel failed to make an appropriate factual record after receiving notice that some jurors may have seen the defendant in handcuffs and leg shackles. *Petitioner's Petition for Post Conviction Relief*, p. 8, Count I ¶27(D).  Petitioner argues that counsel should have asked the court to voir dire the jury to determine the effect it may have had on jurors. *Petitioner's Post-Hearing Memorandum*, p.4, Count I ¶27(D)

At the post-conviction hearing, Mr. McFadden, co-counsel for the Petitioner, explained that they decided not to voir dire the jury because only a few jurors, if any, may have seen the defendant in handcuffs and shackles and voir dire could draw too much negative attention to the defendant's restrained state.  The Court finds counsel gave a reasoned explanation for his decision.  Petitioner fails to satisfy either prong of *Strickland*.  Petitioner fails to demonstrate that counsel acted outside the realm of reasonable professional assistance.  Petitioner also fails to show that there is a substantial or reasonable probability that the verdict and sentence would have been different but for counsel's failure to voir dire jurors.

**Count I.27.E. Failure to investigate and present exculpatory facts.**  Petitioner alleges that during the trial phase, counsel failed to investigate and present important exculpatory facts and inferences in regard to the physical evidence found by the Maryland State Police Department at the crime scene. *Petitioner's Petition for Post Conviction Relief*, p. 8, Count I ¶ 27(E).  In a letter received by the court shortly before the post-conviction hearing, Petitioner abandoned and withdrew this issue.  As a result, the Court will not review this allegation under *Strickland*.

Count I.27.F. – **Alternate suspect.** Petitioner claims that during both the guilt/innocence and sentencing phases of the trial, counsel failed to investigate and sufficiently present evidence that the Maryland State Police considered another suspect in the homicide investigation. *Petitioner's Petition for Post Conviction Relief,* p. 9, Count I ¶ 27(F). In a letter received by the court shortly before the post-conviction hearing, Petitioner also abandoned and withdrew this issue. As a result, this allegation will not be reviewed under *Strickland.*

Count I.27.G. - **Consistent theory of case.** Petitioner argues that trial counsel failed to deliver an effective opening statement. Specifically, Petitioner claims that the opening statement failed to offer any theory of the case and provided no discussion of the facts, which was deficient and prejudiced the defendant. *Petitioner's Post-Hearing Memorandum,* Count I, ¶27(G)

The Court finds it is not ineffective assistance of counsel to decline to deliver a fact based opening statement. The Court reminds Petitioner that the opening statement is not evidence and generally has no binding effect. *State v. Purvey,* 129 Md. App. 1, 24, 740 A.2d 54, 67 (1999), *cert. denied,* 357 Md. 483, 745 A.2d 437 (2000), *citing Malekar v. State,* 26 Md. App. 498, 501-02, 338 A.2d 328, 330, *cert. denied* 276 Md. 747 (1975). In this case, counsel testified that Petitioner gave him two accounts of what happened. The final account that Petitioner gave to counsel differed greatly from that which he gave to police. Counsel explained that he did not want his opening statement to contradict later testimony, if any, by Petitioner. Due to counsel's uncertainty as to whether Petitioner would testify and if he did testify, which version of events Petitioner would give, counsel decided not to present any facts in his opening statement. Petitioner fails meet his burden of proof on this issue. The Court finds Petitioner fails to meet the deficiency prong of *Strickland.* Based upon the Petitioner's failure to satisfy the deficiency prong of *Strickland,* the Court will not address the second prong.

12

**Count I.27.H. - Failure to investigate and present witnesses.**   Petitioner argues that counsel failed to investigate and present the testimony of important and available witnesses including, but not limited to, Steve Bailey. *Petitioner's Petition for Post Conviction Relief,* p 9, Count I, ¶27(H). Specifically, Petitioner charges that Steve Bailey had information regarding a woman and an additional car at the scene of the crime. Petitioner argues this information would have been admissible on two separate and independent theories: (1) as circumstances surrounding the commission of the crime and (2) as mitigating evidence at the sentencing phase regarding how the crime was committed, as opposed to whether the crime was committed. *Lockett v. Ohio,* 438 U.S. 586, 604 (1978), *Oregon v. Guzek,* 126 S. Ct. 1226, 1231 (2006). *Petitioner's Post-Hearing Memorandum,* Count I, ¶27(H)

The Court is persuaded by *Oken v. State,* 343 Md. 256, 681 A.2d 30 (1996), in which the court held, "[t]he decision on how best to present a defense is a tactical one."   At the post-conviction hearing, counsel testified that he made a conscious decision not to use Steve Bailey during the trial.  Counsel explained that while Mr. Bailey presented evidence of a second person at the scene of the crime, such evidence did not place the person at the scene when the murder occurred.  Counsel further explained that Mr. Bailey's testimony during sentencing would have undercut counsel's strategy of having the Defendant show remorse.   Petitioner fails to meet his burden of proof on this issue.  The Court finds counsel exercised reasonable professional judgment in not calling Steve Bailey to testify during either phase of the trial.  As a result, the Court will not address the second prong.

**Count I.27.I, J – Evidence to support a sentence other than death.**  Petitioner makes the following claims:

1. Petitioner charges that during the sentencing phase of the trial, counsel failed to investigate and provide important mitigating evidence in support of a sentence other than death. *Petitioner's Petition for Post Conviction Relief*, p. 9, Count I ¶27(I);

2. Petitioner complains that counsel failed to present evidence that demonstrated the impact defendant's execution would have on his family. Specifically, petitioner argues that a total of nine mitigation witnesses were never called and one witness was inadequately examined. *Petitioner's Petition for Post Conviction Relief*, p. 9, Count I ¶27(J);

3. Petitioner alleges that trial counsel failed to present mitigation evidence regarding Petitioner's lack of future dangerousness. *Petitioner's Supplement to Petition for Post Conviction Relief*, p. 3, Count B ¶1; and

4. Petitioner argues that trial counsel failed to investigate and present evidence of defendant's character trait of peace and good order and the negative effect the sentence of death would have on Petitioner's family members. Petitioner claims that this lack of investigation was deficient performance on behalf of counsel, which resulted in prejudice. *Petitioner's Supplement to Petition for Post Conviction Relief*, p. 3, Count B ¶2.

Applying *Strickland*, the Court recognizes that the decision to call a witness is ordinarily a matter of trial tactics within the sound discretion of defense counsel. *Johns v. Warden*, 240 Md. 209, 212, 213 A.2d 469 (1965). Petitioner presented several mitigation witnesses at the post-conviction hearing, who Petitioner believes should have been called during either the trial or sentencing phases of the proceeding. In seriatim, the Court finds that counsel exercised reasonable professional judgment to use Mr. Steil, as a summary witness, rather than call Sgt. Fayetta Downes, a corrections officer, because her testimony could be introduced through institutional records. At the post-conviction hearing, the Court recalls that Sgt. Downes could not remember Petitioner with any certainty but rather stated, she remembers the bad ones. She then reasoned backwards and said that because she could not really remember the Petitioner, he was probably a good one. The Court finds that trial counsel interviewed Beverly Daisy but made

an affirmative decision *not* to call Ms. Daisy to testify, as she was generally uncooperative during the pre-trial investigation. The Court finds that at the time of the sentencing, Lauren Miles, niece of Petitioner, was twelve years old and under the control of her mother. Therefore counsel did not err in failing to interview Lauren Miles. This Court finds that both Petitioner and Ms. Daisy failed to mention David Woods; therefore Petitioner fails to satisfy the first prong of *Strickland*. The Court finds that while Petitioner may have lived with Janice Lewis for a period of time, she had minimal contact with Petitioner at the time of the homicide. The Court finds trial counsel made a tactical decision not to call Melissa Berner, Petitioner's sister, during the sentencing stage. At the post-conviction hearing, counsel testified that he did not call Ms. Berner because she was a reluctant witness and the substance of her testimony could be introduced through the use of a summary witness. This Court further finds Ms. Berner may have been more reluctant to testify at the time of the investigation than at the time of the post-conviction hearing. The Court finds counsel made a strategic decision not to call Steve Bailey during sentencing for the reasons stated herein at p.13, Count 1.27.H. Petitioner fails to meet his burden.

The Court finds that trial counsel made a strategic decision not to use Dr. Johnson, a social psychiatrist, who studies how inmates adjust to life in prison. Counsel testified that he was familiar with Dr. Johnson's research and had previously used Dr. Johnson for other cases but decided that in this case Dr. Johnson's testimony would not be helpful. In support of his decision, counsel stated that he interviewed correctional officers at four institutions and subpoenaed records from those institutions. Counsel explained that the records provided evidence that Petitioner would not be a danger if incarcerated. Lastly, counsel indicated that he was quite reluctant to allow Dr. Johnson to interview Petitioner because that would open the door for the State to interview Petitioner, which could be detrimental to his case. The Court finds

15

Petitioner fails to satisfy his burden of proof on this issue. Petitioner fails the first prong of *Strickland;* therefore the Court need not address the merits of the second prong.

**Count I.27.K,N,Q - Defendant's allocution as evidence in support of mitigation.** Petitioner argues that counsel failed to request that the court specifically instruct the jury to consider the Defendant's allocution as evidence in support of mitigation. *Petitioner's Petition for Post Conviction Relief,* p. 9, Count I, ¶27(K) and (Q). Petitioner charges that counsel failed to object when the Court instructed the jury that their decision must be based on the evidence when the law allows for mitigating factors outside the scope of evidentiary foundation, including but not limited to the Defendant's allocution. *Petitioner's Petition for Post Conviction Relief,* p. 10, Count I, ¶27(N).

While it is arguable that counsel should have requested a specific instruction, the Court finds that the jury did take the Petitioner's allocution into consideration as a mitigating factor. Petitioner fails to satisfy his burden. The Court notes that the jury's sentencing form indicated that at least one juror and perhaps as many as eleven viewed Petitioner's remorse as a mitigating factor. On direct review of the sentencing instructions, the Maryland Court of Appeals found no error that would result in a reversal of Petitioner's death sentence. *Miles v. State,* 365 Md. at 555. As a result, assuming, *arguendo,* Petitioner meets the deficiency prong, Petitioner fails to satisfy the prejudice prong in *Strickland.*

**Count I.27.L. - Failures to object.** Petitioner charges trial counsel failed to effectively object when the prosecutor requested that the jury consider that 1) the killing was intentional and 2) defendant did not want to look into the eyes of the victim at the time of the shooting during the sentencing phase of the trial. *Petitioner's Petition for Post Conviction Relief,* p. 10, Count I, ¶27(L). Petitioner charges trial counsel failed to effectively object to the prosecutor's opening

16

and closing argument when the prosecutor made references to the oath of office he had taken. *Petitioner's Supplement to Petition for Post Conviction Relief,* p. 1, Count A, ¶1. Petitioner alleges this statement should have been objected to because it was an improper appeal to passion of the members of the jury and vouched for the credibility of the prosecutor, which is impermissible. *Petitioner's Post-Hearing Memorandum,* Count I, ¶27(L).

The Court finds Petitioner fails to satisfy the first prong. Counsel in general is given wide latitude in opening and closing argument. At the post-conviction hearing, counsel testified that he did not object because he felt the prosecutor's statements were within the range of argument. The Court agrees with counsel. "The decision to interpose objections during trial is one of tactics and trial strategy." *Oken v. State,* 343 Md. 256, 295, 681 A.2d 30 (1996). Petitioner fails to satisfy his burden. Petitioner fails to meet his burden of proof on this issue. The Court finds Petitioner fails to satisfy the first prong of *Strickland;* therefore the Court need not address the second prong.

**Count I.27.M. - Failure to give proper jury instruction.** Petitioner argues counsel should have objected to the Court's plan to simply repeat its prior jury instruction and instead should have requested an instruction concerning the consequences of deadlock or a modified *Allen* charge. *Petitioner's Petition for Post Conviction Relief,* p. 10, Count I, ¶27(M); *Petitioner's Post-Hearing Memorandum,* p.15, Count I, ¶27(M).

We find Petitioner provides no authority for such an instruction. Petitioner fails to demonstrate that counsel's failure to ask for such an instruction fell below an objective standard of reasonableness. Assuming, *arguendo,* Petitioner satisfies the first prong; Petitioner fails to meet the second prong. The Court is persuaded by *Miles v. State,* 365 Md. at 548, in which the

17

Court of Appeals specifically found "no error in the trial courts failure upon receiving the 11:20 PM jury note to provide an instruction to the jury that it would report its lack of unanimity."

**Count I.27.O. - Basis of jury's decision.**   Petitioner argues counsel should have raised the argument that the jury's verdict was inconsistent. *Petitioner's Petition for Post Conviction Relief*, p 11, Count I, ¶27(O). Petitioner states counsel should have polled the jury to determine if the verdict reflected the considered judgment of each juror.

The Court finds Petitioner fails to demonstrate that counsel's representation fell below an objective standard of reasonableness. In Maryland, it is a well-settled rule that generally a juror cannot be heard to impeach his verdict. *Oxtoby v. McGowan*, 294 Md. 83, 101 447 A.2d 860, 870, (1982). In this case, counsel explained that he did not poll the jury because the sentencing form explained how the jury arrived at its verdict. The Court finds Petitioner fails to meet his burden of proof on this issue. Assuming, *arguendo*, Petitioner satisfies the first prong, Petitioner fails to satisfy the second prong of *Strickland*. On direct review, the Maryland Court of Appeals found no ambiguities or inconsistencies in the sentencing verdict. *Miles*, 365 Md. at 561. The Court further found that the record supported the jury's conclusion that the statutory aggravating factors outweighed the mitigating factors. *Miles*, 365 Md. at 561. As a result, Petitioner fails to demonstrate that Petitioner would have received a different verdict if counsel polled the jury. Petitioner fails to satisfy his burden on the prejudice prong of *Strickland*.

**Count I.27.P. - Counsel failed to review a note sent to the court.**   Petitioner argues counsel should have inspected the note sent to the Court by the jury after several hours of deliberation. Petitioner argues failure to inspect the note was constitutionally deficient and prejudicial. *Petitioner's Petition for Post Conviction Relief*, p 11, Count I, ¶27(P).

At the post-conviction hearing, counsel stated that he made three requests to inspect the note. Despite these requests, counsel never received the note from the court. Counsel conceded that while he trusted the summary given by the court, had he actually inspected the note, he probably would have taken some alternative action on behalf of his client. Applying the first prong of *Strickland,* the Court finds counsel's actions were deficient and fell below an objective standard of reasonableness. While Petitioner's argument on the prejudice prong is compelling, the Court is not persuaded. The Court notes the Maryland Court of Appeals finding in *Miles v. State,* 365 Md. at 545. In *Miles,* the Court determined that the Petitioner received the same response as he would have received even if he requested to review the contents of the jury note and presented his motion. *Miles v. State,* 365 Md. at 545. As a result, Petitioner fails to demonstrate that there is a substantial/reasonable possibility that the result would have been different if counsel altered his conduct. The Court finds Petitioner fails to satisfy the prejudice prong of *Strickland.*

**Count II.28. - Ineffective assistance of appellate counsel.** The Court recognizes the same two-prong test set forth in *Strickland* applies to appellate counsel. *See, e.g., State v. Calhoun,* 306 Md. 692, 729, 511 A.2d 461, 479-80 (1986), *cert. denied* 480 U.S. 910 (1987).

Petitioner's allegations are set forth below.

**Count II.29.A - Counsel failed to raise capital sentencing hearing violation on appeal.** Petitioner argues appellate counsel failed to raise the issue that Petitioner's capital sentencing hearing violated the United States Supreme Court holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000). Petitioner alleges at the sentencing hearing, the Court instructed the jury that if the jury found that the aggravating factors outweighed any mitigating factors by a preponderance of the evidence, the sentence should be death. Petitioner charges that

19

pursuant to *Apprendi*, the appropriate test is one of reasonable doubt and not one of the preponderance of the evidence. *Petitioner's Petition for Post Conviction Relief*, p. 12, Count II, ¶29(A).

The Court finds that Maryland's death penalty statute permits a court or a jury to determine whether the aggravating factors outweigh the mitigating factors by a preponderance of the evidence. Relying upon *Oken v. State*, 378 Md. 179, 253 (2003), 835 A.2d 1105, *cert. denied*, 534 U.S. 1163 (2004), the Court further notes that such a weighing scheme complies with due process. *Oken*, 378 Md. at 254. The Court recognizes that appellate counsel may render ineffective assistance by failing to raise or present proper argument in favor of a particular appellate issue. Based upon *Oken*, Petitioner fails to meet his burden of proof on this issue. In *Gross v. State*, 371 Md. 334, 350, 809 A.2d 627 (2002), the Court noted, "the failure to preserve or raise an issue, for appellate review, that is without merit does not constitute ineffective assistance of counsel." At the post-conviction hearing and in Petitioner's post-hearing memorandum, Petitioner submitted this issue on the record. There being no further explanation from Petitioner as to why this Court should apply *Apprendi*, the Court finds Petitioner fails to satisfy the first prong of *Strickland;* therefore the Court need not address the second prong.

**Count II.29.B. – Inappropriate remarks by prosecutor in closing.** Petitioner argues counsel should have raise on appeal the issue that the prosecutor made inappropriate and prejudicial arguments in his closing. Petitioner further argues at the sentencing phase of the trial, the prosecutor urged the jury to consider inappropriate factors as reasons for a death sentence in weighing aggravating factors against mitigating factors. *Petitioner's Petition for Post Conviction Relief,* p. 12, Count II, ¶29(B).

Relying upon *Oken,* the Court notes the decision of whether to raise an issue on appeal is a tactical decision of counsel. *Oken,* 343 Md. at 371. At the post-conviction hearing and in Petitioner's *Post-Hearing Memorandum,* Petitioner submitted these allegations of error on the record. The Court finds Petitioner fails to meet his burden of proof on this issue. The Court further finds Petitioner fails to satisfy the deficiency prong of *Strickland,* for the reasons set forth in Count I.27.L. As a result Petitioner fails to satisfy the first prong of *Strickland;* therefore the Court need not address the second prong.

**Count II.29.C. - Counsel failed to argue that the death sentence should be vacated because there was insufficient evidence to support a robbery concurrent with the murder.** Petitioner relies upon *Metheny v. State,* 576 Md. 576, 755 A.2d 1088 (2000). *Petitioner's Petition for Post Conviction Relief,* p. 12, Count II, ¶29(C).

The Court finds Petitioner fails to satisfy either prong of Strickland. Petitioner submitted this allegation of error on the record. Relying upon *Gross,* the Court finds "the failure to preserve or raise an issue, on appeal, that is without merit does not constitute ineffective assistance of counsel." On review, the Court finds that the record supports the jury's finding that Petitioner murdered the victim while committing or attempting to commit a robbery beyond a reasonable doubt. Assuming, *arguendo,* Petitioner satisfies the first prong of *Strickland,* Petitioner fails the prejudice prong. On direct review, the Maryland Court of Appeals determined that "the record before us supports the jury's conclusion that the statutory aggravating circumstance in Section 413(d)(10), the defendant committed the murder while committing . . . a robbery." *Miles v. State,* 365 Md. at 561. As a result, Petitioner fails to meet his burden of proof on this issue.

21

Count III- The trial court erroneously instructed the jury to determine by a *preponderance of the evidence* that the aggravating circumstances outweighed whatever mitigating circumstances were found as compared to *beyond a reasonable doubt* when making factual findings in death penalty proceedings.   This claim is waived because it was not raised at trial and/or direct review.  Petitioner wishes to preserve this issue for Federal Habeas Corpus purposes, but concedes there is no basis for relief under *Borchardt v. State,* 367 Md. 91, 786 A.2d 631 Md. (2001), *cert. denied* 535 U.S. 1104, 122 S.Ct. 2309 (2002) and *Oken v. State*, 367 Md. 191, 786 A.2d 691 (2001), *reconsideration denied* (2004).

Count IV – Petitioner's due process rights as established by the federal and state constitutions as the Maryland death penalty scheme is imposed in a racially discriminatory and arbitrary manner.

Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis.

Count V – The trial court erroneously failed to suppress all evidence gathered by police as a result of the taped cellular phone conversation by James Towers.  Petitioner presented no evidence at the post-conviction hearing to support this allegation.  This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis.  Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

Counts VI  - The trial judge failed to disclose the content of a note from the jury which denied Petitioner due process under the United States Constitution, Article 24 of the Maryland Declaration of Rights and Maryland Rule 4-236.   Petitioner presented no evidence

at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

**Counts VII – The trial court erred when it instructed the jury that unanimity is required as to the weighing of mitigating and aggravating factors thereby violating the fifth, eighth and fourteenth amendments of the United States Constitution and Article 24 of the Maryland Declaration of Rights.** Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

**Count VIII – The trial court improperly restricted the jury's consideration of non-statutory mitigating factors.** Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

**Count IX – Trial Court erred in refusing to give the Petitioner's requested sentencing instruction relating to the jury's acquittal on the premeditated murder count.** Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

Count X – Inconsistencies in the sentencing findings indicate an arbitrary imposition of the death penalty in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Articles 25 and 25 of the Maryland Declaration of Rights. Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

Count XI – Four jurors were wrongly excused for cause by the trial judge. Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

Count XII – Trial court erred when it refused to grant the petitioner a mistrial when it discovered that jurors had witnessed the defendant in handcuffs and leg shackles. Petitioner presented no evidence that jurors had in fact seen the Petitioner to support this allegation. This Court finds that, there being no evidence to consider, this allegation is waived and need not be addressed under the *Strickland* analysis. Petitioner wishes to preserve this issue for federal habeas corpus purposes, but concedes this issue was raised on direct appeal.

Count XIII – Death sentence must be vacated because insufficient evidence was introduced to support a finding that the murder was committed while committing or attempting to commit a robbery.

Petitioner presented no evidence at the post-conviction hearing to support this allegation. This Court finds that, there being no evidence to consider, this allegation of error is waived by

24

virtue of its not having been raised at sentencing and/or on direct review and need not be addressed under the *Strickland* analysis. *See* Md. Code Ann. Crim. Pro. Art., §7-106(b).

## ADDENDUM TO PETITION FOR POST-CONVICTION RELIEF.

**Brady violation.** Petitioner charges the State withheld phone records illegally procured by the victim's brother in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963). *Addendum to Petition for Post Conviction Relief,* p. 1, ¶II, 1. At the post-conviction hearing, Petitioner partially abandoned this allegation. Petitioner now argues counsel should have more aggressively cross-examined the victim's brother to impeach his credibility.

Applying the first prong of *Strickland,* the Court finds trial counsel did receive discovery of the phone records. Counsel explained that he used those same phone records to create a timeline of events. Counsel further explained that when he represents defendants he establishes a theory of the case and follows it closely. In this case, the phone records did not help Petitioner; therefore, counsel did not see a need to belabor testimony by the victim's brother on cross-examination. Petitioner failed to meet his burden of proof on this issue. This Court finds counsel's decision to limit his cross-examination of the victim's brother to have been the result of reasonable professional judgment. Even if Petitioner satisfies the first prong of *Strickland,* Petitioner fails to satisfy the second prong of *Strickland.* Petitioner fails to demonstrate that the use of the phone records would have resulted in a different verdict.

## SUPPLEMENT TO PETITION FOR POST CONVICTION RELIEF

**Count A.1. – Failure to object to prosecutor's opening and closing remarks.** See above, see Count I.27.L.

**Count A.2. - Failure to object.** Petitioner charges counsel failed to object to hearsay evidence introduced by Maryland State Police Trooper, Lee Ann Fisher. *Petitioner's Supplement to Petition for Post Conviction Relief,* p. 2, Count A, ¶2.

At the post-conviction hearing, Petitioner conceded that the error, if any, was harmless. The Court finds Petitioner fails to satisfy the first prong of *Strickland*; therefore the Court need not address the second prong.

**Count A.3. - Robbery afterthought.** Petitioner charges counsel argued robbery afterthought in closing yet failed to request an instruction to support this theory. Relying upon *State v. Allen*, 387 Md. 389 (2005), Petitioner argues counsel's failure to request an *Allen* instruction prejudiced the defense and is grounds for a new trial. *Petitioner's Supplement to Petition for Post Conviction Relief,* p. 2, Count A, ¶3.

This Court finds this claim is without merit. At the time the trial court decided *State v. Miles,* counsel requested an instruction consistent with the law at that time. In *State v. Hunter,* 103 Md. App. 620, 623, 654 A.2d 886, 888 (1995) *citing Prokopis v. State,* 49 Md. App. 531, 536, 433 A.2d 1191 (1981) the Court noted the law does not require lawyers to anticipate changes in the law. Applying *Strickland,* the Court finds counsel exercised reasoned professional judgment. This allegation is without merit and fails under *Strickland,* therefore relief on this ground is denied.

**Count B.1. – Failure to present evidence regarding Petitioner's lack of future dangerousness.** *See,* Count I.27.I, J.

**Count B.2. Failure to hire an expert in the area of future dangerousness.** *See, herein,* Count 27.I, J.

Count B.3. - **Failure to have an employee of the Maryland Parole Commission testify to explain "life without the possibility of parole."**   Petitioner argues this failure was deficient performance on behalf of trial counsel and resulted in prejudice to the Petitioner. *Petitioner's Supplement to Petition for Post Conviction Relief,* p. 3, Count B, ¶3, *Petitioner's Second Supplement to Petition for Post Conviction Relief,* p. 2, Count B, ¶1.

This Court finds that this allegation is without merit and fails to satisfy the deficiency prong of *Strickland.*  The Court agrees with the State, "life without the possibility of parole" is self-explanatory.   The Court does not find it unreasonable that counsel chose not to have a member of the Parole Commission explain the aforementioned phrase.  Furthermore, even under a conclusory application of the prejudice prong of the *Strickland* test, this claim would fail because there is nothing to support a finding that counsel's failure to call a member of the Parole Commission prejudiced Petitioner.

### SECOND SUPPLEMENT TO PETITION FOR POST-CONVICTION RELIEF

Count A.1. - **Trial counsel failed to move for judgment of acquittal on the felony murder count.**  Counsel relies upon *Metheny v. State,* 359 Md. 576 (2000). *Petitioner's Second Supplement to Petition for Post Conviction Relief,* p. 1, Count A, ¶1.

Applied to *Strickland,* the Court finds this claim is without merit. The Court finds the record supports the jury's findings that the Petitioner murdered Edward Atkinson while committing or attempting to commit a robbery. *Miles,* 365 Md. at 561.  The Court further notes that *Metheny* was decided after the instant case.  Petitioner is well aware that counsel is not required to anticipate changes in the law.  *State v. Hunter,* 103 Md. App. 620, 623, 654 A.2d 886, 888 (1995) *citing Prokopis v. State,* 49 Md. App. 531, 536, 433 A.2d 1191 (1981). Petitioner fails to satisfy his burden of proof on this issue.  For the above reasons, Petitioner fails

*Petitioner's Supplement to Petition for Post Conviction Relief,* p. 3, Count , A ¶3, *Petitioner's Second Supplement to Petition for Post Conviction Relief,* p. 2, Count B, ¶2.

The Court finds this allegation of error is without merit for the same reasons stated above, see p. 26, Count A, ¶3.

## ORDER

It is therefore, this 21st day of August 2006 by the Circuit Court for Queen Anne's County,

ORDERED, that the Petition for Post Conviction Relief, as amended and supplemented, shall be and is hereby DENIED; and it is further

ORDERED, that copies of the Memorandum, Opinion, and Order on Post Conviction Relief shall be sent to the Petitioner, Petitioner's Counsel, and the State's Attorney for Wicomico County

_____
Judge J. Frederick Price

TRUE COPY, TEST.
SCOTT MACGLASHAN, CLERK
BY: _____
DEPUTY CLERK

C:\Documents and Settings\cjfp\My Documents\Miles PC opinion - revised.doc

29