| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
| v. | * | CIRCUIT COURT FOR |
| JODY LEE MILES, | * | QUEEN ANNE'S COUNTY |
| Defendant | * | Case No. 4789 |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION TO CORRECT ILLEGAL SENTENCE BASED ON MARYLAND'S REPEAL OF THE DEATH PENALTY INCLUDING STATE AND FEDERAL CLAIMS INCLUDING REQUEST THAT THIS MOTION BE HEARD AT OCTOBER 17 HEARING

Defendant Jody Lee Miles (hereinafter "Mr. Miles"), by undersigned counsel, presents this motion to correct an illegal sentence and to pursue other constitutional claims. Effective October 1, 2013, the State of Maryland will repeal its death penalty statute. *See* 2103 Md. Laws 156, 2013 Md. Chap. 156 (hereafter "Repeal Statute"). The lawful authority for the Division of Corrections to execute was removed. *Id.* The procedures to pursue a sentence of death in the Circuit Court were removed. *Id.* The special procedures governing appeals of death sentences were removed. *Id.* The maximum sentence which can be imposed upon a Defendant for felony murder was reduced from death to life without parole, assuming constitutionally valid procedures are followed for the imposition of a sentence of life without parole. Section 4 of the Repeal Statute specifically provides that, in cases where a sentence has yet to be imposed, where the State has filed a notice of intention to seek a sentence of death it shall be deemed to be a notice of intention to seek a sentence of life without parole.

1

RECEIVED QUEEN ANNE'S COUNTY CIRCUIT COURT 2013 SEP 30 PM 12:07

PLAINTIFF'S EXHIBIT

Thus, in cases where the State is currently seeking a sentence of death prior to trial, the Repeal Statute thwarts that intent. Furthermore, by its plain language, the intent and effect of the Repeal Statute is that, as to murders which occurred prior to October 1, 2013, whether or not a defendant has been charged with the murder, a sentence of death may not be carried out. This conclusion is an unmistakable consequence of the new statute, given the removal of the Division of Corrections' authority to execute, the removal of the constitutionally required death penalty sentencing procedures, and the retroactive effect of the Repeal Statute on any case where a sentence has not yet been imposed. Maryland's legislature has clearly provided that a sentence of death cannot lawfully be sought in Maryland and cannot lawfully be carried out.

Although the new statute effectively precludes the State from executing anyone, it does not change Mr. Miles' sentence of death. The Governor has authority to commute sentences, an authority he has yet to exercise in this case. In the meantime, as of October 1, 2013, the result is that Mr. Miles will be serving an unenforceable sentence. Simply put, the sentence of death he is serving cannot be lawfully carried out.

Under these circumstances, this Court must vacate Defendant's illegal unenforceable sentence pursuant to Md. Rule 4-345 (a). It is well recognized that an illegal sentence is one that exceeds the statutory maximum, and thus cannot be lawfully carried out. *See Matthews v. State*, 424 Md. 503 (2012); *Medley v. State*, 386 Md. 3 (2005); *Gray v. State*, 341 Md. 513 (1996).

In addition to a claim pursuant to Md. Rule 4-345, Mr. Miles also contends that his present service of a sentence of death which cannot be lawfully carried out violates the

2

Maryland Declaration of Rights, including but not limited to Article 16, cruel and unusual punishment, Article 24, due process, and Article 25, cruel and unusual punishment.

Mr. Miles also contends that his present service of a sentence of death which cannot be lawfully carried out violates his federal constitutional rights, as applicable to the States, including but not limited to Due Process and Equal Protection, as well as the federal Eighth Amendment prohibition against cruel and unusual punishment. The basis to hold Mr. Miles in custody while he is under a sentence of death is that he is awaiting execution, and cannot be expected to voluntarily self-surrender to be executed when that time comes. However, as of October 1, 2013 when the Repeal Statute takes effect, the lawful basis to hold the Mr. Miles in custody under a sentence of death is no longer present. Were this not the case, Mr. Miles could be held in perpetuity awaiting a sentence of death which cannot be carried out, and would be subject to the denial of the equal protection of the laws and due process, and to cruel and unusual punishment which is forbidden as a federal constitutional right.

Among the many constitutional provisions which are implicated by the present unenforceable death sentence is Mr. Miles' right under State law, the Declaration of Rights, and federal law to not be subject to an irrational and arbitrary imposition of a sentence of death, which would result if his sentence stands while all other potentially eligible defendants who did not have a death sentence in place on October 1, 2013, are exempted from the death penalty.

3

Counsel respectfully requests that this Motion be heard on Thursday, October 17, 2013, at the hearing before the Court scheduled for 8.45AM. Pursuant to Md. Rule 4-252(f), the State has sufficient time to respond to this Motion before the hearing.

WHEREFORE, for the reasons set forth above and in the papers previously filed in this case, the Defendant, Jody Lee Miles, respectfully requests that this Court vacate his death sentence and grant such other relief as justice may require.

Respectfully submitted,

Robert W. Biddle
Nathans & Biddle, LLP
120 East Baltimore Street, #1800
Baltimore, Maryland 21202
410-783-0272 (phone)
Counsel for Jody Lee Miles

Erica Alsid Short
Chason, Rosner, Leary & Marshall, LLC
401 Washington Ave. Suite 1100
Towson, MD 21204
410-494-3708
Counsel for Jody Lee Miles

Dated: September 27, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2013, a copy of the foregoing Motion was faxed, emailed, and mailed to: Joel Todd, Deputy State's Attorney, Wicomico County, P.O. Box 1006, Salisbury, MD, 21803.

4

Robert W. Biddle

## THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY

STATE OF MARYLAND        *

     vs.                 *         **CRIMINAL #4789**

JODY LEE MILES          *

     *     *     *     *     *     *     *     *     *

### ORDER REGARDING RESPONSE TO MOTION

       The Court having reviewed the defendant's motion to correct illegal sentence filed on September 30, 2013, it is this ___2___ day of October, 2013, by the Circuit Court for Queen Anne's County

       **ORDERED,** that a responsive pleading shall be filed by the State **on or before October 14, 2013.**

                                 *Thomas G. Ross*
                                     *Judge*

TRUE COPY, TEST.
SCOTT MACGLASHAN, CLERK
BY: _____
                     DEPUTY CLERK

October 2, 2013

## ENTERED

OCT 3 2013

Clerk, Circuit Court
for Queen Anne's County

CRIMINAL #4789                October 2, 2013                Page 1 of 1